IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

**RACHELLE CALINA**
1808 N Florida Ave
Joplin, MO 64801

        Plaintiff,

                             Case No. 20-5098

v.

**NISSAN MOTOR ACCEPTANCE CORPORATION**
c/o Prentice-Hall Corp System
221 Bolivar Street
Jefferson City, MO 65101

        Defendants.

## COMPLAINT

COMES NOW the Plaintiff, Rachelle Calina, by counsel, and for the complaint against the Defendant, alleges as follows:

## PRELIMINARY STATEMENT

1. Count I is for actual, statutory and punitive damages, costs and attorneys' fees brought pursuant to 15 U.S.C. § 1681 *et seq*. (Fair Credit Reporting Act).

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1692, 15 U.S.C. § 1681 and 28 U.S.C. § 1331. Venue in this District is proper in that the Defendants directed their collection efforts into the District.

## PARTIES

3. The Plaintiff is a natural person and resident of the State of Missouri. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

4. Upon information and belief, Defendant Nissan Motor Acceptance Corporation, ("Nissan"), is a Tennessee corporation authorized to do business in the State of Missouri.

5. Nissan regularly furnishes consumer credit information to credit reporting agencies.

## FACTUAL STATEMENTS

6. In or around August 2014, Plaintiff purchased a 2015 Nissan Leaf, VIN #1N4AZ0CP1FC305944 from a Nissan dealership in Washington.

7. Plaintiff financed the purchase of that vehicle through Nissan and commenced monthly payments.

8. The monthly payment was setup to automatically deduct from Plaintiff's account to make timely payments each month.

9. In early July 2019, Plaintiff traveled abroad. While Plaintiff was away, the parking garage where her car was parked mistakenly reported her car as abandoned.

10. Plaintiff's vehicle was repossessed by Nissan on July 15.

11. At no time prior to the repossession, had the Plaintiff missed a payment.

12. Despite missing no payments for five years, and the account still being setup to pay the monthly payment, four days later Nissan sent a Notice to Sell the property on July 29.

13. A few days before July 29, Plaintiff returned to the country and received this notice.

14. Plaintiff reached out to Nissan who refused to accept anything other than the full remaining balance of the vehicle.

15. Plaintiff did not have that amount, and therefore the car was sold on July 29. Plaintiff conveyed to Nissan that she would pay any deficiency once she received the after-sale notice from Nissan.

16. Even though the car was sold, Plaintiff's August monthly payment was automatically deducted from her bank account.

17. On August 23, Nissan sent notice of the deficiency after the sale to Plaintiff in the amount of $2,143.77.

18. Upon receipt of the notice, Plaintiff immediately paid off the deficiency from the sale.

19. In or around June 2020, Plaintiff went to get a loan to purchase real estate.

20. Plaintiff was denied on her loan application due to Nissan's reporting inaccurate and misleading information on her Trans Union, Equifax and Experian credit reports.

21. Among other things, Nissan failed to report Plaintiff's on time payments from September 2017 through August 2019, reported a first delinquency date of June 2019 and reported the account as a charge off in September despite no payments being missed and the account being paid in full in September.

22. Plaintiff has contacted Nissan directly to try and resolve this issue. Nissan has informed the Plaintiff that they will not make changes to correct the Plaintiff's credit record.

23. Therefore, Plaintiff disputed the information with Equifax, Trans Union and Experian requesting an investigation.

24. Upon information and belief, Nissan was notified by Trans Union, Equifax and Experian of the Plaintiff's request for investigation.

25. Nissan failed to conduct a reasonable investigation and therefore did not update or correct any of the information in the Plaintiff's credit report.

26. As a result of these failures by Nissan, Plaintiff is unable to acquire credit to purchase property.

## COUNT I
## FAILURE TO CONDUCT
## REASONABLE INVESTIGATION
## AGAINST NISSAN

27. Plaintiff alleges and incorporates paragraphs above as if fully set out herein.

28. Charge-off is a designation by a furnisher of credit information that an account is uncollectable.

29. The repossession by Nissan was not due to non-payment. In fact, Plaintiff had not missed a payment in five years.

30. Plaintiff reached out to Nissan before the sale and confirmed to them that she would pay the deficiency upon receipt of the notice of completed sale.

31. Plaintiff paid the deficiency within one week of receiving the notice.

32. There is absolutely no support for the designation of this account as a charge off.

33. Further, Nissan fails to report almost 2 years of on time payments to the credit reporting agencies.

34. While Nissan is under no duty to report to the credit reporting agencies, if they do so, they must report accurate information.

35. Nissan also reports conflicting information to the different credit reporting agencies regarding the alleged date of the first delinquency and the charge off amount.

36. After multiple notifications from both the Plaintiff directly and multiple credit reporting agencies of the incorrect information, Nissan has failed to update or correct any information.

37. Nissan violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to furnish incorrect information within Plaintiff's credit file to Equifax, Trans Union and Equifax subsequent to the investigation of the Plaintiff's account; by failing to have policies an procedures in place to permanently block the reporting of information found to be inaccurate after a reinvestigation; and by failing to conduct a reasonable investigation of the Plaintiff's credit file.

38. As a result of Nissan's conduct, the Plaintiff suffered actual damages, including but not limited to, damage to the Plaintiff's credit rating; the inability to acquire credit, loss of reputation, attorney fees and costs and the time required in trying to resolve this matter.

39. Nissan's conduct was willful rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.

40. The Plaintiff is entitled to recover costs and attorneys' fees from Nissan in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Rachelle Calina respectfully requests this Court award the following:

a. the greater of actual or statutory damages against Nissan Motor Acceptance Corporation for violations of the FCRA under Count I;

b. punitive damages against Nissan Motor Acceptance Corporation for violations of the FCRA;

c. attorneys' fees and costs of this action;

d. for corrections to be requested to any credit reporting agency furnished credit information from Nissan Motor Acceptance Corporation;

e. such other relief as may be deemed just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

By: **/s/Ryan D. Knipp**
Ryan D. Knipp #58782
Patton Knipp Dean, LLC
6651 N Oak Trafficway, Ste 17
Gladstone, MO 64118
Telephone: (816) 470-9992
Fax: (888) 720-1985
rknipp@pattonknipp.com
**COUNSEL FOR PLAINTIFF**